UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Patrick J. Hughes, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendants Securitas, Pinkerton's, Burns, Dennis Schuk and Judd Bach

FILED AUG 1 2 2002

| | |
|---|---|
| NOEL GOULDSBROUGH,<br><br>     Plaintiff,<br><br>v.<br><br>SECURITAS, AB, PINKERTON'S INC., a SECURITAS COMPANY, BURNS INTERNATIONAL SECURITY SERVICES CO., DENNIS SCHUK, JUDD BACH and JOSEPH KENNEDY,<br><br>     Defendants. | Hon. William H. Yohn, Jr.,<br>U.S.D.J.<br><br>CIVIL ACTION NO.: 02-3222 (WHY)<br><br><br>**ANSWER TO COMPLAINT<br>AND JURY DEMAND** |

Defendants, Securitas, AB ("Securitas"), incorporated in the United Kingdom and having its headquarters and principal place of business in Feltham, Middlesex, United Kingdom, Pinkerton's Inc. ("Pinkerton's"), a Delaware corporation having its headquarters and principal place of business located at 4430 Park Terrace Drive, Westlake Village, California, Burns International Security Services Co. ("Burns"), an Illinois corporation having its headquarters and principal place of

1290175-01

business located in Chicago, Illinois, Dennis Schuk and Judd Bach, collectively "defendants," by way of response to the plaintiff's Complaint and Demand for Jury Trial, hereby answer as follows:

## AS TO THE PRELIMINARY STATEMENT

Defendants state that plaintiff, a former employee of Burns has filed this action seeking an award of damages, declaratory and injunctive relief, attorney's fees and other relief, but denies that defendants have harmed plaintiff or have engaged in any harassment, discrimination, retaliation and/or other improper conduct. Except as so stated, defendants deny the allegations set forth in the first paragraph of the preliminary statement.

Defendants state that plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, et seq., Title 43 Pa. Cons. Stat. Ann. § 951 et seq. and Pennsylvania common law, but deny that they have engaged in violations of such statutes and/or Pennsylvania common law.

## AS TO JURISDICTION AND VENUE

1. To the extent the allegations in paragraph 1 set forth the bases of this Court's jurisdiction, and do not assert

factual allegations against any of the defendants, no response is required.

2. To the extent the allegations in paragraph 2 set forth the bases of this Court's jurisdiction, and do not assert factual allegations against any of the defendants, no response is required.

3. To the extent the allegations in paragraph 3 set forth the bases of this Court's venue, and do not assert factual allegations against any of the defendants, no response is required.

4. As to paragraph 4, defendants admit that on June 1, 2001, plaintiff filed a Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission against Burns, alleging sexual harassment, gender based employment discrimination, maintenance of a sexually hostile work environment and retaliation in violation of Title VII. On March 25, 2002, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. To the extent the allegations in paragraph 4 are inconsistent with the foregoing, defendants deny the allegations contained in paragraph 4.

5. As to paragraph 5, defendants admit that plaintiff is an adult female and was employed as a full-time security guard by Burns from October 27, 2000 through December 6, 2000.

Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in the remainder of paragraph 5 of the Complaint. Except as so stated, defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit that Burns is a foreign corporation authorized to conduct and do business in the Commonwealth of Pennsylvania. Except as so stated, defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit that Pinkerton's is a foreign corporation licensed to conduct and do business in the Commonwealth of Pennsylvania and deny the remaining allegations in paragraph 8 of the Complaint.

9. Defendants state that in September of 2000, Burns was acquired by Securitas. In January of 2001, Securitas began the process of merging the operations of Burns with Pinkerton's. Except as so stated, defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants state that Joseph Kennedy was employed by Burns from May 1996 until June 13, 2002; and that during the time October 27, 2000 through December 4, 2000 he was Site

Supervisor for Burns at the Pabst Blue Ribbon Brewing Company site in Fogelsville, Pennsylvania ("the Pabst site"). Except as so stated, defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that Dennis Schuk is a resident and citizen of the Commonwealth of Pennsylvania. Defendants state that Dennis Schuk has been employed by Burns since 1979 and that during the time October 27, 2000 through December 4, 2000 he was a Security Officer assigned to the Pabst site. Except as so stated, defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit that Judd Bach is a resident and citizen of the Commonwealth of Pennsylvania. Defendants state that Judd Bach has been employed by Burns since 1988 and that during the time October 27, 2000 through December 4, 2000 he was a Security Officer assigned to the Pabst site. Except as so stated, defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint insofar as the phrase "[a]t all times relevant hereto" is undefined and the allegations contained in paragraph 13 call for a legal conclusion which defendants are not required to make.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint insofar as the phrase "[a]t all times relevant hereto" is undefined. Defendants state that Burns has an Allentown, Pennsylvania office. Except as so stated, defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint insofar as the phrase "[a]t all times relevant hereto" is undefined. Defendants state that defendants Kennedy, Schuk and Bach were considered employees of the Allentown office of Burns. Except as so stated, defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants state that plaintiff filed a Notice of Discrimination against defendant Burns with the EEOC on or about August 1, 2001 that was forwarded to Burns on October 3, 2001 alleging sexual harassment and retaliation and that until receipt of this Notice, defendants had no knowledge of plaintiff's allegations of sexual harassment or inappropriate behavior. Except as so stated, defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

## AS TO CAUSES OF ACTION

19. Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that plaintiff was assigned to work in the Security Guard Shack at the main entrance to Pabst. Defendants also admit that defendants Schuk, Bach and Kennedy were also assigned to work in the Security Guard Shack at Pabst, although plaintiff and defendants Schuk, Bach and Kennedy did not always work the same shifts, and therefore were not always working at the same time. Except as so stated, defendants deny the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint insofar as the phrase "[a]t all times relevant hereto" is undefined. Defendants admit that during plaintiff's first two days of training she worked the first shift. Once plaintiff completed her training, she was assigned to work either the second or third shift. Except as so stated, defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 22 of the Complaint, and therefore deny such allegations.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint insofar as the phrase "[a]t all times relevant hereto" is undefined. Defendants admit that defendant Schuk is a male and has been employed as a Security Officer by Burns. Except as so stated, defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint insofar as the phrase "[a]t all times relevant hereto" is undefined. Defendants admit that Judd Bach is a male and was employed as a Security Officer by Burns. Except as so stated, defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint insofar as the phrase "[a]t all times relevant hereto" is undefined. Defendants admit that defendant Kennedy is a male and was employed by Burns as Site Supervisor

at the Pabst site. Except as so stated, defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint, including subparts (a) to (p) of paragraph 27.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint, including subparts (a) to (e).

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint, including subparts (a) to (d).

37. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 37 of the Complaint insofar as the identity of "Strauss" is unknown to defendants, and therefore defendants deny all allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint, including subparts (a) to (l) contained in paragraph 39 of the Complaint.

40. Defendants admit that plaintiff was out of work for several days in December 2000, specifically that plaintiff was a "no call/no show" for seven scheduled shifts (December 6, 7, 8, 11, 12, 13 and 14, 2000), and deny the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendants deny that plaintiff was on "medical leave" and are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 41 of the Complaint, and therefore deny such allegations.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint, including subparts (a) and (b).

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

## AS TO COUNT I

48. Defendants Securitas, Pinkerton's and Burns repeat their responses to each and every proceeding allegation as set forth at length herein.

49. Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 50 of the Complaint.

## AS TO COUNT II

51. Defendants repeat their responses to each and every proceeding allegation as set forth at length herein.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

## AS TO COUNT III

54. Defendants Securitas, Pinkerton's and Burns repeat their responses to each and every proceeding allegation as set forth at length herein.

55. Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 56 of the Complaint.

## AS TO COUNT IV

57. Defendants repeat their responses to each and every proceeding allegation as set forth at length herein.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

## AS TO COUNT V

60. Defendants Securitas, Pinkerton's and Burns repeat their responses to each and every proceeding allegation as set forth at length herein.

61. Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 61 of the Complaint, including subparts (a) to (f).

62. Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 63 of the Complaint.

## AS TO COUNT VI

64. Defendants Securitas, Pinkerton's, Burns and Schuk repeat their responses to each and every proceeding allegation as set forth at length herein.

65. Defendants Securitas, Pinkerton's, Burns and Schuk deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants Securitas, Pinkerton's, Burns and Schuk deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants Securitas, Pinkerton's, Burns and Schuk deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants Securitas, Pinkerton's, Burns and Schuk deny the allegations contained in paragraph 68 of the Complaint.

## AS TO COUNT VI

69. Defendants Securitas, Pinkerton's, Burns, Schuk and Bach repeat their responses to each and every proceeding allegation as set forth at length herein.

70. Defendants Securitas, Pinkerton's, Burns, Schuk and Bach deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants Securitas, Pinkerton's, Burns, Schuk and Bach deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants Securitas, Pinkerton's, Burns, Schuk and Bach deny the allegations contained in paragraph 72 of the Complaint.

## AS TO COUNT VII

73. Defendants Securitas, Pinkerton's, Burns and Schuk repeat their responses to each and every proceeding allegation as set forth at length herein.

74. Defendants Securitas, Pinkerton's, Burns and Schuk deny the allegations contained in paragraph 74 of the Complaint.

## AS TO COUNT VIII

75. Defendants Schuk and Bach repeat their responses to each and every proceeding allegation as set forth at length herein.

76. Defendants Schuk and Bach deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants Schuk and Bach deny the allegations contained in paragraph 77 of the Complaint.

78.  Defendants Schuk and Bach deny the allegations contained in paragraph 78 of the Complaint.

79.  Defendants Schuk and Bach deny the allegations contained in paragraph 79 of the Complaint.

### AS TO STATEMENT OF FACTS JUSTIFYING THE IMPOSITION OF PUNITIVE AND LIQUIDATED DAMAGES

80.  Defendants Securitas, Pinkerton's and Burns repeat their responses to each and every proceeding allegation as set forth at length herein.

81.  Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 81 of the Complaint.

82.  Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 82 of the Complaint.

83.  Defendants Securitas, Pinkerton's and Burns deny the allegations contained in paragraph 83 of the Complaint.

84.  Defendants Securitas, Pinkerton's and Burns deny that plaintiff is entitled to punitive damages under Title VII.

### AS TO PRAYER FOR RELIEF

85.  Defendants repeat their responses to each and every proceeding allegation as set forth at length herein.

THEREFORE, defendants deny that plaintiff is entitled to any judgment, money damages, punitive damages, interest, costs, attorneys' fees or any other relief.

### AS TO JURY DEMAND

Defendants deny that plaintiff is entitled to a jury trial on this action.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Defendants reserve their right to move to dismiss any or all of the claims asserted by plaintiff to the extent such claims are barred by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE

To the extent that any Burns employee or agent engaged in any harassing or discriminatory conduct, such actions were outside the scope of his or her responsibilities, were unauthorized by Burns, and violated the anti-discrimination policies of Burns.

### FOURTH SEPARATE DEFENSE

Defendants had legitimate, nondiscriminatory reasons for any employment decisions affecting plaintiff.

### FIFTH SEPARATE DEFENSE

Burns has exercised reasonable care to prevent sexual harassment in its workplace, and has taken prompt and appropriate corrective action in response to all complaints and reported incidents.

### SIXTH SEPARATE DEFENSE

Plaintiff unreasonably failed to avail herself of the effective anti-discrimination policies and procedures maintained by Burns to prevent and/or promptly correct any discrimination in the workplace.

### SEVENTH SEPARATE DEFENSE

Plaintiff is barred from recovering any damages by the equitable doctrine of laches.

### EIGHTH SEPARATE DEFENSE

Plaintiff is barred from recovering any damages by the equitable doctrines of waiver and/or estoppel.

### NINTH SEPARATE DEFENSE

Plaintiff is barred from recovering any damages by the equitable doctrine of unclean hands.

### TENTH SEPARATE DEFENSE

Defendants' actions were taken in good faith, without malice and without intent such that the relief sought (including but not limited to punitive damages) is not available.

### ELEVENTH SEPARATE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

### TWELFTH SEPARATE DEFENSE

Plaintiff's harm, if any, was caused by her own actions or the actions of other persons and not the action of defendants.

### THIRTEENTH SEPARATE DEFENSE

At no relevant time did any defendant breach any legal duty due and owing to plaintiff.

### FOURTEENTH SEPARATE DEFENSE

Defendants reserve their rights to move to dismiss any or all of plaintiff's claims for lack of jurisdiction.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

Therefore, defendants are entitled to judgment dismissing plaintiff's claims in this action in their entirety, and to an award of its costs and attorneys' fees incurred in defending against this action.

CONNELL FOLEY LLP
Attorneys for Defendants
Securitas, Pinkerton's, Burns, Dennis Schuk and Judd Bach

By: _____
　　　PATRICK J. HUGHES

DATED: August 9, 2002