UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOEL GOULDSBROUGH,<br><br>    Plaintiff,<br><br>v.<br><br>SECURITAS, AB, PINKERTON'S INC., a SECURITAS COMPANY, BURNS INTERNATIONAL SECURITY SERVICES CO., DENNIS SCHUK, JUDD BACH and JOSEPH KENNEDY,<br><br>    Defendants. | Hon. William H. Yohn, Jr., U.S.D.J.<br><br>Civil Action No. 02-3222 (WHY) |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE AGREEMENT
OF PLAINTIFF NOEL GOULDSBROUGH TO ARBITRATE HER CLAIMS**

                                      Connell Foley LLP
                                      Attorneys for Defendants
                                        Securitas, Pinkerton's,
                                        Burns, Dennis Schuk and Judd
                                        Bach
                                        85 Livingston Avenue
                                        Roseland, New Jersey 07068
                                        (973) 535-0500

*Of Counsel and On the Brief:*
  Patrick J. Hughes

*On the Brief:*
  Ellen A. Feeney

1313946-01

## TABLE OF CONTENTS

                                                                              **Page**

PRELIMINARY STATEMENT ............................................1

STATEMENT OF FACTS ...............................................3

LEGAL ARGUMENT ...................................................5

POINT I

    THE STRONG FEDERAL PUBLIC POLICY FAVORING THE ENFORCEMENT OF AGREEMENTS TO ARBITRATE EMPLOYMENT DISPUTES REQUIRES THE ENFORCEMENT OF PLAINTIFF'S AGREEMENT TO ARBITRATE. ..................................5

CONCLUSION ......................................................11

1313946-01

## TABLE OF AUTHORITIES

                                                      **Page**

**Cases**

ATACS Corp. v. Trans World Communications, Inc.,
  155 F.3d 659 (3d Cir. 1988) .................................. 9

Blair v. Scott Specialty Gases, 283 F.3d 595 (3d
  Cir. 2002) .............................................. 2, 8, 9

Circuit City Stores, Inc. v. Adams, 532 U.S. 105
  (2001) ................................................... 2, 5-7

Gilmer v. Interstate/Johnson Lane Corp., 500 U.S.
  20 (1991) ................................................... 6, 8

Pryner v. Tractor Supply Co., 109 F.3d 354 (7th
  Cir. 1997) .................................................... 7

**Statutes**

9 U.S.C. § 1 ..................................................... 5

9 U.S.C. § 2 ..................................................... 5

42 U.S.C. § 2000e ............................................. 1, 8

43 Pa. Cons. Stat. Ann. § 951 ................................ 1, 8

1313946-01

**PRELIMINARY STATEMENT**

Plaintiff, Noel Gouldsbrough, was a security officer employed by defendant Burns International Security Services Co. ("Burns") and assigned to work at the Pabst Blue Ribbon Brewing Company facility in Fogelsville, Pennsylvania. Plaintiff Gouldsbrough has filed a Complaint alleging gender discrimination against Burns, Securitas, AB ("Securitas"), Pinkerton's Inc. ("Pinkerton's") and individual security officers employed by Burns under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, et. seq., Title 43 Pa. Cons. Stat. Ann. § 951 et. seq. and Pennsylvania common law. Defendants Securitas, Burns, Pinkerton's, Judd Bach and Dennis Schuk bring this motion to enforce the agreement of plaintiff Gouldsbrough to arbitrate all of her claims pursuant to the Pre-Dispute Resolution Agreement she signed as a condition of her employment. Plaintiff expressly acknowledged and agreed, in writing, that Burns at its option could require arbitration of any employment dispute with her, and that she understood she was agreeing to comply with such agreement.

Accordingly, under the strong federal public policy favoring the enforcement of plaintiff Gouldsbrough's agreement to arbitrate her employment-related disputes – reaffirmed recently by the United States Supreme Court in Circuit City

Stores, Inc. v. Adams, 532 U.S. 105 (2001), and by the Third Circuit in Blair v. Scott Specialty Gases, 283 F.3d 595 (3d Cir. 2002) - plaintiff Gouldsbrough is obligated to pursue her claims in the agreed-upon arbitration process rather than in this lawsuit.

## STATEMENT OF FACTS

In October 2000, plaintiff Noel Gouldsbrough began her employment with defendant Burns as a security guard. As a condition of employment, plaintiff signed a "Pre-Dispute Resolution Agreement" ("Agreement") in which she agreed that the Company could require her to submit all or part of certain disputes with the company to arbitration (Hughes Aff. Exhs. A and B)[1]

The areas of dispute subject to arbitration included:

> all matters directly or indirectly related to your recruitment, hire, employment or separation from the Company, including, but not limited to, claims of alleged discrimination, harassment or retaliation under federal, state or local law, but excluding Workers' Compensation and Unemployment compensation Claims (except claims for Workers' Compensation retaliation).

(Hughes Aff. Exh. A). In addition to claims against the Company, the Agreement "also covers any claims related to your employment which you may assert against employees, representatives or clients of the Company." (Id.). The Agreement provided that any arbitration would be conducted "in accordance with the National Rules for the Resolution of

---

[1] Citations to "Hughes Aff." refer to the Affidavit of Patrick J. Hughes in Support of Defendants' Motion to Enforce Plaintiff's Agreement to Arbitrate Her Claims, filed and submitted herewith.

Employment Disputes of the American Arbitration Association ("AAA)." (Hughes Aff. Exh. C).

**LEGAL ARGUMENT**

**POINT I**

**THE STRONG FEDERAL PUBLIC POLICY FAVORING THE ENFORCEMENT OF AGREEMENTS TO ARBITRATE EMPLOYMENT DISPUTES REQUIRES THE ENFORCEMENT OF PLAINTIFF'S AGREEMENT TO ARBITRATE.**

In <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105 (2001), the United States Supreme Court reaffirmed the strong federal public policy under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, <u>et seq.</u>, in favor of enforcing parties' agreements to arbitrate employment disputes. The FAA provides generally for the enforceability of a written arbitration provision in any maritime transaction or a "contract evidencing a transaction involving commerce." 9 U.S.C. § 2. An exception clause provides that the FAA does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. In <u>Circuit City</u>, the Ninth Circuit had reversed a district court decision enforcing an employee's pre-employment agreement to arbitrate all future employment disputes. 194 F.3d 1070. The Ninth Circuit expressed the view -- contrary to all other federal appeals courts which had ruled on the issue -- that the FAA's exception rendered the FAA inapplicable to all employment contracts. 194 F.3d at 1071-72.

In reversing the Ninth Circuit, the U.S. Supreme Court held in <u>Circuit City</u> that the exception clause in the FAA was not

meant to be read so broadly as to render the FAA inapplicable to all employment agreements, but rather should be read in its proper context to exempt only contracts of seamen, railroad employees and other transportation workers. 532 U.S. at 112, 116-17. The Court recognized that if, as the Ninth Circuit had ruled, all employment contracts were beyond the scope of the FAA's coverage, then there would have been no reason for Congress' separate exemption for "contracts of employment of seamen, railroad employees or any other class of workers engaged in...interstate commerce." 532 U.S. at 116-117.[2]

In construing the FAA-coverage exemption, the U.S. Supreme Court held that the statutory context of the FAA, including its broad purpose of overcoming judicial hostility to arbitration agreements, compels an expansive reading of the FAA's coverage and a narrow construction of its exclusion. 532 U.S. at 112, 116-117. Accordingly, the Supreme Court concluded that the exemption removes from the FAA's coverage only contracts of employment of seamen, railroad employees and other transportation workers. Id. "It would be rational for Congress to ensure that workers in general would be covered by the provisions of the FAA, while reserving for itself more specific

---

[2] The Ninth Circuit's stated view also was inconsistent with the Supreme Court's decision in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991), that the FAA requires the arbitration of an age discrimination claim based on an agreement in a securities registration application. Id.

legislation for those engaged in transportation. Id., citing Pryner v. Tractor Supply Co., 109 F.3d 354, 358 (7th Cir. 1997), a decision by Chief Judge Posner.

The Supreme Court in Circuit City declined to revisit prior holdings that the FAA preempts state laws seeking to restrict the enforcement of arbitration agreements. The Court continued to recognize the "real benefits to the enforcement of arbitration provisions," 532 U.S. at 122-23, stating:

> Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts. These litigation costs to parties (and the accompanying burden to the Courts) would be compounded...[if] state law precludes arbitration of certain types of employment claims but not others. Id.

The Court concluded that if the exemption in the FAA were construed so as to hinder the enforceability of arbitration agreements in employment contracts, it "would call into doubt the efficacy of alternative dispute resolution procedures adopted by many of the Nation's employers, in the process undermining the FAA's proarbitration purposes...." Id.

The Court reiterated that arbitration agreements can be enforced without contravening the policies of legislative enactments giving employees specific statutory protections. As the Court noted in Gilmer, "'[b]y agreeing to arbitrate a

statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." Id., quoting Gilmer, 500 U.S. at 26.

In Blair v. Scott Specialty Gases, 283 F.3d 595 (3d Cir. 2002), the Third Circuit held that a mandatory arbitration program contained in an employee handbook was supported by adequate consideration under Pennsylvania law, and thus was enforceable. In Blair, like here, the plaintiff filed a complaint in the Eastern District of Pennsylvania against her former employer alleging sexual harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2001), the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 et seq. (2001), and other state claims. Blair, 283 F.3d at 597. While the arbitration agreement in Blair was contained in an employee handbook signed for and acknowledged by plaintiff, the Pre-Dispute Resolution Agreement signed and dated by plaintiff in this matter was part of a Pre-Employment Agreement also signed and dated by plaintiff Gouldsbrough (Hughes Aff. Exh. B). That Pre-Employment Agreement contains the following language: "I also understand that as a condition of my employment I must sign and abide by the Company's General Waiver, Pre-Dispute Resolution Agreement...and other forms presented to me during the pre-hire

process and made a part of this application." (Hughes Aff. Exh. B, page 4).

In determining that the arbitration agreement in Blair was a valid contract under Pennsylvania law, the Blair court considered "(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and whether there was consideration." Blair, 283 F.3d at 603, quoting ATACS Corp. v. Trans World Communications, Inc., 155 F.3d 659, 666 (3d Cir. 1988) (other citations omitted). Here, plaintiff Gouldsbrough agreed unambiguously that in consideration of the Company offering and providing her with employment, in the event she sought relief in court for a dispute covered by the Agreement, the Company could require arbitration of any such dispute (Hughes Aff. Exh. A). This Agreement was contained in a Pre-Dispute Resolution Agreement signed and dated by plaintiff Gouldsbrough and covers

> all matters directly or indirectly related to your recruitment, hire, employment or separation from the Company, including, but not limited to, claims of alleged discrimination, harassment or retaliation under federal, state or local law. . . .

(Hughes Aff. Exh. A).

As plaintiff's claims in this lawsuit are covered by the Pre-Dispute Resolution Agreement she signed, which is supported

by adequate consideration under Pennsylvania law, this Court should dismiss plaintiff's claims and grant defendants' motion to compel arbitration.

## CONCLUSION

For the foregoing reasons, defendants' motion to enforce the Agreement of plaintiff Gouldsbrough to arbitrate her claims pursuant to the Pre-Dispute Resolution Agreement she signed as a condition of her employment with Burns should be granted.


                             CONNELL FOLEY LLP
                             Attorneys for Defendants

                             BY: _____
                                      Patrick J. Hughes

DATED: October 29, 2002